# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v. )<br>)<br>GERALD BERNARD DATTS, )<br>a/k/a/ ANTONY D. JONES, )<br>a/k/a TERRY BRISBANE, )<br>)<br>Defendants. ) | Case No. CR410-091 |

## REPORT AND RECOMMENDATION

Indicted for being a felon in a possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), defendant Gerald Bernard Datts moves to suppress the evidence against him. Doc. 17. Specifically, he moves to suppress the firearm underlying the charges that was obtained following a Savannah, Georgia traffic stop by Savannah-Chatham Metropolitan Police Department Officer Kevin Ansari. *Id.* at 1-2.

Datts originally challenged only the search of his vehicle and did not contest the traffic stop that led to his arrest. Doc. 17. At the May 12, 2010 motion hearing, the Court informed him that his motion was

insufficient for want of an affidavit and factual particularization.[1] Datts then orally amended his motion and limited it to whether the stop itself was without probable cause and thus violated his Fourth Amendment rights. Hence, he no longer challenges the post-stop search of his car. For the following reasons, his motion should be **DENIED**.

While on patrol, Officer Kevin Ansari observed a burgundy-red Chrysler Sebring "with extremely dark tint" on its windows stopped at a Savannah, Georgia traffic light. He signaled the driver to pull over so he could investigate a suspected violation of O.C.G.A. § 40-8-73.1(b)(2), which limits the tint allowed on a vehicle's rear windshield or door windows. *Davis v. State*, ___ Ga. App. ___, 2010 WL 1223914 at * 1 (Mar. 31, 2010). From his own vehicle, Ansari could not see inside the

---

[1] Ordinarily, a defendant is not entitled to an evidentiary hearing unless he alleges facts that, if proved, would require the grant of relief. *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985). "A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented. . . . A court need not act upon general or conclusory assertions." *Id.* (citations omitted). Nor are defendants entitled to an evidentiary hearing based on some assurance "to prove at the hearing that which they did not specifically allege in their motion to suppress." *United States v. Cooper*, 203 F.3d 1279, 1285 (11th Cir. 2000).

Datts's motion (doc. 17) abjectly fails to meet these requirements. He did not dispute this when confronted about it at the hearing. Instead, he orally amended it to challenge only the traffic stop. In response, the government put up Officer Ansari as its sole witness on that score. Even then, Datts did not rebut Ansari's testimony, nor proffer any oral argument in support of his motion.

stopped car, but as he approached it he determined that there was only one occupant. That person turned out to be Datts. After the officer detected the strong odor of marijuana coming from the vehicle, the encounter ultimately resulted in Datts's consent to a search of the vehicle, where the gun for which he has been indicted was found. After the arrest, Ansari used a "tintometer" to confirm that the car's tint exceeded § 40-8-73.1(b)(2)'s limit.

Following Ansari's testimony, Datt raised no question that Ansari had probable cause to stop him based on the "tint" traffic violation. That is not surprising, given the black letter law routinely applied in this context. *See, e.g., United States v. Leonard*, 356 F. App'x 231, 236 (11th Cir. 2009) (police officers had probable cause to stop defendant's vehicle for non-criminal traffic violation under Florida law, where officer noticed that defendant's car window had tint that was so dark that he could not discern number of individuals in car, in violation of statute prohibiting car with windows so dark that they are not transparent); *United States v. Garcia*, 284 F. App'x 791, 792-93 (11th Cir. 2008) (district court did not commit plain error by finding that probable cause existed to support traffic stop of defendant's vehicle; at time he decided to stop the truck,

3

the officer knew that state law prohibited excessively tinted windows, officer could not see inside the vehicle, and the officer could not see the driver, which amounted to a violation of operating a motor vehicle with window tinting that exceeded the allowable limits); *see also State v. Simmons*, 283 Ga. App. 141, 142-43 (2006) (suspected illegal tint justified initial traffic stop), cited in *Griffin v. State*, ___ Ga. App. ___, 2010 WL 522646 at * 2 n. 2 (Feb. 16, 2010).

Ansari had ample probable cause to stop Datts's vehicle. Datts's suppression motion (doc. 17) should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this ___13th___ day of May, 2010.

/s/ *[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA