# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

GERALD BERNARD DATTS,              )
                                   )
    Movant,                        )
                                   )
v.                                 )   Case No. CV412-009
                                   )           CR410-091
UNITED STATES OF AMERICA,          )
                                   )
    Respondent.                    )

## ORDER

While Gerald Bernard Datts was represented by retained counsel Nicholas Pagano, CR410-091, docs 43 & 49,[1] the Clerk filed for him a Notice of Appeal from his 18 U.S.C. § 922(g)(1) conviction, docs 71-73, but Datts never perfected the appeal (paid the filing fee, etc.). Consequently, it was dismissed. Docs 74-77. Pagano, bound by the Eleventh Circuit's "in for a dime, in for a dollar" policy,[2] never made any post-judgment filings until Datts complained about his lost appeal; then he moved to withdraw from representing Datts. Docs 78-80.

---

[1] The Court will cite only to the criminal docket in this case, and the docket's pagination may not line up with each document's paper-copy version.

[2] *See* 11th Cir. R. 46-10(a) ("Retained counsel for a criminal defendant has an obligation to continue to represent that defendant until successor counsel either enters an appearance or is appointed under the Criminal Justice Act, and may not abandon or cease representation of a defendant except upon order of the court.").

Meanwhile, Datts filed a series of letters[3] and motions in quest of an appeal. Docs 78-79, 81-85. Those filings amounted to a 28 U.S.C. § 2255 motion[4] to pursue his lost appeal -- by alleging that Pagano provided him with ineffective assistance of counsel. So construing his filings required this Court to issue a "*Castro* warning," see *Castro*, 540 U.S. at 383, advising Datts that it would recharacterize his filings (docs 78-79, 81-86) as a § 2255 motion, and affording him the opportunity to have his motion ruled upon as filed, amend it to include other claims, or withdraw it entirely. Doc. 87.

In response, he filed a formal § 2255 motion. Doc. 90; *see also* doc. 91 ("Appendix"). There he alleges that he had wanted to appeal with *appointed* counsel but

---

[3] Letters seeking judicial relief are not welcome. Motions, briefs, etc., get filed; letters get lost. The law places the burden upon litigants, not judges, to create their own record by filing record materials -- including legal arguments best presented in a motion or brief -- directly with the Clerk of Court. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by written motion."); *see In re Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073 (S.D. Ga. 2000); *see also* Ga. Ct. App. R. 27(b) ("Parties are not permitted to file letter briefs nor letter cites").

[4] This Court looks beyond the label of a *pro se* filing and deals with its substance. *United States v. Stossel*, 348 F.3d 1320, 1322 n. 2 (11th Cir. 2003); *United States v. Myrthill*, 433 F. App'x 727, 728 (11th Cir. 2011). It thus is authorized to recharacterize a *pro se* litigant's motion for relief from a criminal judgment as a § 2255 motion to vacate. *Castro v. United States*, 540 U.S. 375, 382–83 (2003).

this request was denied. My appeal was denied because [of] my failure to do procedures that I was not aware of until receiving notice via mail that my appeal had been denied for those reasons. My retained counsel was for trial purposes only, and this was made known to the Courts,[5] which is the reason why I asked to be appointed a new attorney to assist me at that point and beyond. Correspondences from the Courts was sent to the court-appointed attorney who no longer was assisting me, and these correspondences in good faith, was not forwarded to me in a timely fashion, therefore leaving me totally uninformed to what was going on so that I could preserve my right to appeal. Had I adequately been aware, I could have under the capacity as a *pro se* litigant, proceeded properly with what little knowledge that I possessed, in reference to any instructions from the Court that may have been given.

Doc. 91 at 5-6 (footnote added).

Previously, the Court deferred on Pagano's motion to withdraw (doc. 80) until after Datts exercised his § 2255 options. In that Datts' filing reveals a conflict of interest between attorney and client (it was Pagano's duty to inquire about his client's interest in exercising his direct appeal rights),[6] the Court **GRANTS** Pagano's motion. Doc. 80. The government shall respond to Datts' § 2255 motion within 30 days.

---

[5] He does not say how, much less cite to any proof of this in the record.

[6] A direct appeal is "a matter of right," *Coppedge v. United States*, 369 U.S. 438, 441 (1962), and "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000). But "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions,

3

**SO ORDERED** this 29th day of March, 2012.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

his counsel performed deficiently." *Id.* Finally, where a client is silent or unclear, counsel must inquire. *Id.* at 478.

Datts, who seems to think he could simply inform the Court that he wanted new counsel on appeal and then quietly discharge Pagano, evidently operated on legal ignorance which Pagano -- in this case until discharged by the Court -- was obligated to, but did not, address. Pagano had "a constitutionally imposed duty to consult with the defendant about an appeal" when there is reason to believe the defendant would want to appeal or the defendant has demonstrated an interest in appealing. *Roe*, 528 U.S. at 480. From the content and tenor of Datts's filings, and assuming they are true, it is apparent that Pagano failed in that duty.

4