# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| GERALD BERNARD DATTS, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. CV412-009 <br> CR410-091 |

# ORDER

While Gerald Bernard Datts was represented by retained counsel Nicholas Pagano, CR410-091, docs 43 & 49,[1] the Clerk filed for him a Notice of Appeal from his 18 U.S.C. § 922(g)(1)conviction, docs 71-73, but Datts never perfected the appeal (paid the filing fee, etc.). Consequently, it was dismissed. Docs 74-77. Pagano, bound by the Eleventh Circuit's "in for a dime, in for a dollar" policy,[2] never made any post-judgment filings until Datts complained about his lost appeal; then he moved to withdraw from representing Datts. Docs 78-80.

---

[1] The Court will cite only to the criminal docket in this case, and the docket's pagination may not line up with each document's paper-copy version.

[2] *See* 11th Cir. R. 46-10(a) ("Retained counsel for a criminal defendant has an obligation to continue to represent that defendant until successor counsel either enters an appearance or is appointed under the Criminal Justice Act, and may not abandon or cease representation of a defendant except upon order of the court.").

Meanwhile, Datts filed a series of letters and motions in quest of an appeal. Docs 78-79, 81-85. The Court notified Datts that it would construe those filings as a 28 U.S.C. § 2255 motion to pursue his lost appeal -- by alleging that Pagano provided him with ineffective assistance of counsel.[3] In response, Datts filed a formal § 2255 motion. Doc. 90; *see also* doc. 91 ("Appendix"). There he raises a variety of claims and alleges that he had wanted to appeal with *appointed* counsel but

> this request was denied. My appeal was denied because [of] my failure to do procedures that I was not aware of until receiving notice via mail that my appeal had been denied for those reasons. My retained counsel was for trial purposes only, and this was made

---

[3] That can supply cause to facilitate a new appeal. As the Eleventh Circuit recently explained:

> [A]n attorney who fails to follow his client's specific instructions to file a notice of appeal acts in a professionally unreasonable manner. [*Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000)]. By the same logic, a client cannot later claim that his attorney was deficient in failing to file an appeal when the client explicitly instructed his attorney not to file an appeal. *Id.* In the absence of specific instructions, an attorney has a constitutional duty to consult with his client about an appeal when (1) a rational defendant would want to appeal, or (2) the defendant reasonably demonstrated to counsel an interest in seeking an appeal. *Id.* at 480, 120 S.Ct. at 1036. Adequate consultation requires the following: (1) "informing a client about his right to appeal"; (2) "advising the client about the advantages and disadvantages of taking an appeal"; and (3) "making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal." [*Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007)]. Any waiver of the right to appeal must be knowing and voluntary. *Id.* at 1206–07.

*Weeks v. United States*, 2012 WL 3020361 at * 1 (Jul. 24, 2012).

known to the Courts,[4] which is the reason why I asked to be appointed a new attorney to assist me at that point and beyond. Correspondences from the Courts was sent to the court-appointed attorney who no longer was assisting me, and these correspondences in good faith, was not forwarded to me in a timely fashion, therefore leaving me totally uninformed to what was going on so that I could preserve my right to appeal. Had I adequately been aware, I could have under the capacity as a *pro se* litigant, proceeded properly with what little knowledge that I possessed, in reference to any instructions from the Court that may have been given.

Doc. 91 at 5-6 (footnote added).

In that these filings suggested a conflict of interest between attorney and client (it was Pagano's duty to inquire about his client's interest in exercising his direct appeal rights, *see supra* n. 3), the Court granted Pagano's then-pending motion to withdraw from representing Datts. Doc. 80. It also directed the government to respond to Datts' § 2255 motion. In its response the government concedes that: (a) Pagano failed his appellate duty to Datts; (b) Datts is entitled to new appeal; (c) his remaining § 2255 claims should be denied as premature; and (d) Datts is entitled to new counsel on direct appeal. Doc. 95 at 4-6.

The Court agrees. But it is also good practice to confirm what otherwise amounts to a reputation-damaging ineffectiveness finding

---

[4] He does not say how, much less cite to any proof of this in the record.

3

against defense counsel. *See Griffin v. United States*, CR410-005, doc. 79, 2012 WL 3288944 (S.D. Ga. Aug. 10, 2012) (directing an evidentiary hearing in similar circumstances); *id.,* docs. 80 & 81 (directing and receiving attorney affidavit conceding *Roe* error); doc. 82 (ordering an evidentiary hearing).

The Clerk shall therefore serve a copy of this Order on Pagano, who in 14 days shall submit a *"Griffin* affidavit" explaining whether he complied with his *Roe* duty. The Court will then evaluate Pagano's response regarding the need for an evidentiary hearing. The Deputy Clerk shall contact Pagano and ensure he receives a copy of this Order.

Meanwhile, Datts is entitled to new counsel but he must complete a new CJA form. Although the Court appointed counsel to represent him at the outset of his criminal case, docs. 8 & 9, he was later able to retain Pagano, doc. 43, whereupon CJA counsel was excused. Thus, Datts must demonstrate that he now financially qualifies for appointed counsel before the Court will grant him a lawyer at public expense. He must do so within 14 days of the date this Order is served. The Clerk is **DIRECTED** to furnish Datts with a CJA form with a copy of this Order.

**SO ORDERED** this  26th  day of September, 2012.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA